IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **CAROLYN WRIGHT,**<br><br>   Plaintiff,<br><br>v.<br><br>**MACY'S RETAIL HOLDING, INC.,**<br><br>   Defendant. | **CIVIL ACTION FILE**<br><br>No. 1:21-cv-03339-SCJ-AJB |

### ORDER

This matter is currently before the Court on Plaintiff Carolyn Wright's application to proceed *in forma pauperis* ("IFP"). [Doc. 1]. After reviewing the IFP application, the Court concludes that more information is needed to make an informed decision regarding Plaintiff's indigent status. Plaintiff is therefore **ORDERED** to either file an amended IFP application within **twenty-one (21) days** or to pay the filing fee.

*I.   Introduction*

On August 16, 2021, Plaintiff, who is proceeding pro se and using the Court's Complaint for Employment Discrimination, submitted a civil action under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, et seq.

("ADEA"), and for a loss of wages, against Defendant Macy's Retail Holdings, Inc. [Doc. 1-1 at 1-3]. Plaintiff alleges that she worked under conditions different from similarly situated employees, suffered harassment, was retaliated against, and was terminated from her employment because she is black, because of her age, and because she opposed a practice she believed violated federal anti-discrimination laws. [*Id.* at 6]. Plaintiff alleges that the discriminatory acts complained of occurred between February and January 2020. [*Id.* at 4].

Also on August 16, 2021, Plaintiff filed an affidavit to proceed IFP. [Doc. 1]. The Court first reviews Plaintiff's IFP application.

## II.   *In Forma Pauperis*

The Court "may authorize the commencement . . . of any suit, action, or proceeding . . . without payment of fees and costs or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). This section is intended to provide indigent litigants with meaningful access to courts. *Adkins v. E.I. duPont de Nemours & Co.*, 335 U.S. 331, 342-43 (1948); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Attwood v. Singletary*, 105 F.3d 610, 612 (11th Cir. 1997) (Section 1915 is

designed to ensure "that indigent persons will have equal access to the judicial system.").

Thus, § 1915 authorizes suits without the prepayment of fees and costs for indigent plaintiffs. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). It bears emphasizing that § 1915 creates no absolute right to proceed in civil actions without payment of costs. Instead, the statute conveys only a privilege to proceed to those litigants unable to pay costs without undue hardship. *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969). Moreover, while the privilege of proceeding IFP does not require a litigant to demonstrate absolute destitution, it is also clear that "something more than mere statement and an affidavit that a man is 'poor' should be required before a claimant is allowed to proceed in forma pauperis." *Levy v. Federated Dept. Stores*, 607 F. Supp. 32, 34 (S.D. Fla. 1984); *see also Evensky v. Wright*, 45 F.R.D. 506, 507-08 (N.D. Miss. 1968). The affidavit required by the statute must show an inability to prepay fees and costs without foregoing the basic necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *Zuan v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980).

Plaintiff indicates that she has had no income over the last 12 months, has $5,000 cash on hand, $5,200 in two checking accounts, and owns a home worth $70,000. [Doc. 1 at 1-3].

Plaintiff identifies the following expenses. [*Id.* at 4-5]. She states that each month she pays $1,100 in mortgage payments, $60 for utilities, $6,000 for home maintenance, $400 for food, $50 for clothing, $75 for laundry, $38 for medical and dental expenses, $30 for transportation, $20 for recreation, $70 for homeowner's insurance ($850 annually), $1,100 for life insurance, $38 for health insurance, $1,500 for dental insurance, and $500 for property taxes. [*Id.* at 5]. Plaintiff claims that her totally monthly expenses are $13,203.

Plaintiff's application to proceed IFP and her affidavit in support thereof are inadequate as presented to the Court, because it appears that she has failed to properly answer a number of questions in the affidavit. First, Plaintiff states that neither she nor her husband have had any income over the last twelve months. [*Id.* at 1-2]. Even the most destitute person in the United States has some income, even if it is from child support, gifts, public assistance or begging. Second, Plaintiff's lack of income is all the more notable because of the number and amount of expenses she identifies. For example, Plaintiff states that on average each month she spends $6,000 on home maintenance, which would total over $70,000 each

4

year. [*Id.* at 3-4]. Plaintiff additionally states that in an average month she spends $2,600 on life insurance and dental insurance, which would total $30,000 over year. [*Id.* at 4]. Therefore, according to Plaintiff's application to proceed IFP and accompanying affidavit, these expenses alone cost her $8,600 each month on average and over $100,000 each year. Plaintiff may well qualify for IFP treatment, but her financial affidavit does not provide the Court with enough information with regard to her income, and does not adequately explain these extraordinary expenses, to allow it to make that determination.

As a result, the Court **ORDERS** Plaintiff, within **twenty-one (21) days** of the date of this Order, to either (1) file an amended application to proceed IFP and answer fully and truthfully all questions posed, or (2) pay the full filing fee. Plaintiff is **ADVISED** that failure to comply with the terms of this provision of this Order shall result in a recommendation to the District Court that this action be dismissed under Rule 41 of the Local Rules of this Court.

The Clerk is **DIRECTED** to resubmit this matter to the undersigned in twenty-four (24) days.

**IT IS SO ORDERED and DIRECTED**, this 26th day of August, 2021.

ALAN J. BAVERMAN
**UNITED STATES MAGISTRATE JUDGE**