IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **CAROLYN WRIGHT,**<br><br>　Plaintiff,<br><br>v.<br><br>**MACY'S RETAIL HOLDING, INC.,**<br><br>　Defendant. | **CIVIL ACTION FILE**<br><br>**No. 1:21-CV-03339-SCJ** |

## ORDER

This matter appears before the Court on Plaintiff's Objections to the Magistrate Judge's Report and Recommendation.[1] Doc. No. [17]. For the following reasons, the Court **ADOPTS** the Magistrate's Recommendation and thus **GRANTS** Defendant's motion to compel arbitration. The Court **DENIES** Defendant's motion to dismiss, and instead **ORDERS** the case be **STAYED**

---

[1] All citations are to the electronic docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

pending arbitration, but **ADMINISTRATIVELY CLOSED** for purposes of docket management.

## I.   BACKGROUND

Defendant hired Plaintiff as a sales associate in November 2017. Doc. No. [11-2], ¶ 17. Plaintiff however claims that she was not able to start work until December 2017. Doc. No. [12-1], ¶¶ 3–4. Plaintiff nevertheless worked for Defendant until her termination on June 30, 2020. Doc. No. [11-2], ¶ 17.

On August 16, 2021, Plaintiff filed her *pro se* complaint alleging race and age discrimination and a hostile work environment. Doc. No. [4], 10. Plaintiff furthermore alleges that Defendant did not properly handle three assaults committed against Plaintiff while she was employed. Id. at 10–11. After one of the assaults, Plaintiff contends that she was accused of being the assailant, but that a later investigation returned no evidence of such accusation and Plaintiff was unable to obtain video or other evidence from Defendant to corroborate her innocence. Id. at 11.

When Defendant hired her, Plaintiff was made aware of and signed various employment documents, including her consent to the Solutions InSTORE

Program ("SIS Program").[2] Doc. No. [11-2], ¶¶ 19–26, 29. The final stage of dispute resolution under the SIS Program submits the parties to binding and enforceable arbitration for most disputes regarding employment matters. Doc. No. [11-3], 8. In the first 30-days of their employment, employees can opt-out of the SIS Program's arbitration provision. Id. Defendant assures employees that waiving arbitration will have no adverse effect on their employment. Doc. Nos. [11-3], 8; [11-2], ¶¶ 11–14.

Plaintiff did not opt-out of the arbitration provision (Doc. No. [11-6])), and so Defendant moved to compel arbitration of her employment claims on May 20, 2022. Doc. No. [11-1]. Plaintiff opposed Defendant's motion. Doc. No. [12]. The Magistrate Court issued its Report and Recommendation on November 28, 2022, recommending that the Court grant Defendant's motion to compel, deny Defendant's motion to dismiss, and stay the case pending arbitration but administratively close it for docketing management. Doc. No. [15]. Plaintiff objected to the Magistrate's Recommendation. Doc. No. [17]. The Court now

---

[2] The Magistrate's Recommendation offers a thorough account of the details of the SIS Program and Defendant's process of distributing the paperwork to employees. Doc. No. [15], 2–7. This discussion has not been objected to and the Court incorporates it fully into this Order.

considers the Defendant's motion in the light of the Magistrate's Recommendation and the objections thereto.

## II. LEGAL STANDARD

"Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988). When a party files proper objections, the Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). After conducting this review, the Court "may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." Id. The Court reviews the uncontested portions of the Recommendation for clear error. 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b); Middleburg Mgmt., LLC v. Wright, No. 1:19-CV-03518-SDG, 2020 WL 7405668, at *1 (N.D. Ga. Mar. 27, 2020).

Because Plaintiff proceeds *pro se*, the Court will liberally construe her filings. Cf. Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed . . . .'" (quoting Estelle v. Gamble, 429 U.S. 97, 106

4

(1976)); Winthrop-Redin v. United States, 767 F.3d 1210, 1215 (11th Cir. 2014) ("We liberally construe pro se filings.").

### III. ANALYSIS

The Magistrate's Recommendation determined that the two requirements for compelling arbitration had been met: (1) the parties agreed to arbitrate and (2) Plaintiff's claims are within the scope of the arbitration agreement. Doc. No. [15], 10–11. The Magistrate Court, moreover, concluded that there was "nothing unenforceable about the arbitration provision," specifically that Defendant did not breach the agreement and the agreement was not illusory. Id. at 12.

Plaintiff objected and again recounted her sufferings while employed by Defendant, including the three assaults and the false accusations against her. Doc. No. [17], 1. As Defendant indicates in its response, most of Plaintiff's objections do "not challenge the basis for the Final Report and Recommendation" and "merely restates claims made in her Complaint." Doc. No. [18], 1. Liberally construing Plaintiff's objections, however, the Court will address Plaintiff's contentions that Defendant itself did not adhere to its employment contract obligations (Doc. Nos. [17], 1 ("Defendant is not practicing what they are

5

preaching."); [19], 1 ("[D]efendant decided not to follow its own Business Ethic Code Guideline . . . ")) and that the SIS Program is ineffective (Doc. No. [17], 1 ("In Store Solutions is a waste of time. Based on the Plaintiff['s] past experience.").[3]

### A.   Defendant Did Not Breach the Employment Agreement

The Court liberally construes Plaintiff's objection that Defendant did not adhere to its contract obligations as addressing the Magistrate's rejection of Plaintiff's argument that Defendant breached the employment agreement by "fail[ing] to truly employ" Plaintiff. Doc. No. [12], 3. The Magistrate Recommendation concluded that the agreement was not so breached. Doc. No. [15], 12. It reasoned that, despite her start date being deferred, Plaintiff was ultimately employed by Defendant for 13-years and that it "strains credulity to

---

[3] The Court acknowledges that Plaintiff may have waived some of these arguments by not raising them in her response to Defendant's motion to compel arbitration. Doc. No. [12]. Because Plaintiff's *pro se* filing is entitled to liberal review, however, the Court chooses to address the merits of the arguments raised for the first time in her objections to the Magistrate's Report. Cf. Himes v. Comm'r of Soc. Sec., 585 F. App'x 758, 761 (11th Cir. 2014) (concluding a *pro se* plaintiff "did not waive the arguments he raised for the first time in an objection to the magistrate judge's R & R. The district court chose to review these arguments on their merits, and there is no indication that the district court abused its discretion in doing so.").

assert that all of her agreements with Defendant . . . were valid, save the one at issue here." Doc. No. [15], 12.

The Court agrees with the Magistrate's Recommendation on the issue and rejects Plaintiff's argument that "Defendant made no effort to truly employ [Plaintiff]" and that "such a situation cannot be deemed to be employment in any practical sense." Doc. No. [12], 3. It is an undisputed fact that once Plaintiff did commence her employment, she worked for Defendant for over a decade. Doc. Nos. [11-2], ¶ 17; [4], 10 (acknowledging in her complaint that she "had been with the company for over ten years"). Thus, it is inaccurate to suggest Defendant did not truly employ Plaintiff, and the Court is not persuaded by an argument that, merely because Plaintiff's start date was deferred by one-month, Plaintiff and Defendant were not parties to a valid employment contract operative for over a decade. Thus, the Court adopts the Recommendation's conclusion that there was an employment agreement and Defendant did not breach it.

### B. Defendant Did Not Waive Enforcement of the Arbitration Agreement

The Court also liberally construes Plaintiff's objection that Defendant did not adhere to its contract obligations as a waiver argument—that is, Defendant's

7

prior actions involving Plaintiff's claims of assault waived Defendant's ability to compel arbitration.

> To determine whether a party has waived its contractual right to arbitrate, courts apply a two-part test: "First, [they] decide if, 'under the totality of the circumstances,' the party 'has acted inconsistently with the arbitration right,' and, second, [they] look to see whether, by doing so, that party 'has in some way prejudiced the other party.'"

Fed. Nat'l Mortg. Ass'n v. Prowant, 209 F. Supp. 3d 1295, 1306 (N.D. Ga. 2016) (quoting Krinsk v. SunTrust Banks, Inc., 654 F.3d 1194, 1200 (11th Cir. 2011)).

Here, the Court concludes that Defendant did not "act[] inconsistently with [its] arbitration right."[4] Id. Defendant's prior actions in handling Plaintiff's assault claims do not indicate that Defendant waived the arbitration clause. Plaintiff filed no legal case in any of these incidents and the investigations appear only to be internal information gathering in keeping with the early stages of the

---

[4] Cases invoking a waiver defense usually arise when a party "substantially participates in litigation to a point inconsistent with an intent to arbitrate." In re Checking Acct. Overdraft Litig., 754 F.3d 1290, 1294 (11th Cir. 2014) (quoting Morewitz v. W. of Eng. Ship Owners Mut. Prot. & Indem. Ass'n, 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Krinsk, 654 F.3d at 1200–01. Here, Defendant's first action in the case was to file its motion to compel arbitration, thus it cannot be persuasively argued that Defendant "substantially participate[d]," In re Checking, 754 F.3d at 1294, in this litigation prior to asking the Court to enforce the arbitration agreement.

SIS Program's dispute resolution. Cf. Prcic v. Carnival Corp., No. 22-20655-CIV, 2022 WL 16949605, at *4 (S.D. Fla. Nov. 15, 2022) (declining an argument that "pre-litigation conduct amounts to waiver" and that the party opposing arbitration did "not identify any instance of [the opposing party] 'invok[ing] the litigation machinery prior to demanding arbitration,' never mind 'substantially' doing so." (alteration in original)). Thus, the Court rejects any waiver argument asserted by Plaintiff, and does not find the arbitration clause unenforceable on such basis.

### C.     **The Arbitration Clause Is Not Ineffective To Be Unconscionable**

The Court next addresses Plaintiff's argument that the SIS Program is a "waste of time." Doc. No. [17], 1. In other cases raising ineffectiveness issues, courts have construed such contentions as unconscionability challenges to arbitration provisions. See, e.g., Kaspers v. Comcast Corp., 631 F. App'x 779, 782 (11th Cir. 2015). An arbitration agreement can be unconscionable procedurally or substantively. Id. "Procedural unconscionability concerns the process of making a contract (largely focusing on the parties and their relative bargaining power), whereas the inquiry into substantive unconscionability focuses on the contractual terms themselves." Id. When assessing substantive unconscionability, the Court

looks at "the commercial reasonableness of the contract terms, the purpose and effect of the terms, the allocation of the risks between the parties, and similar public policy concerns." Id. (quoting Dale v. Comcast Corp., 498 F.3d 1216, 1219 (11th Cir. 2007)). The Court ultimately concludes the arbitration agreement is not unconscionable, procedurally or substantively.

Procedurally, the SIS Program's arbitration provision ensures mutual fairness in arbitration—for example, the employee bears minimal costs, determines if attorneys will be used, and is partially reimbursed for expenses. Doc. Nos. [11-2], ¶ 16; [11-3], 12, 17–18. Defendant submitted evidence that employees receive detailed instructions about the SIS Program during on-boarding, have 30-days to ask questions and contemplate it, and then can opt-out of the arbitration provision without fear of reprisal in their employment. Doc. No. [11-2], ¶¶ 19–26. While Plaintiff contends that she did not know about the arbitration provision (Doc. No. [12], 2), such unawareness is not credible given that she acknowledged she had received the SIS Program's brochures and understood that, unless she opted-out of the arbitration provision, it would be part of her employment agreement with Defendant. Doc. No. [11-6], 2–4. Thus, the Court concludes the agreement is not procedurally unconscionable.

10

Nor is the arbitration agreement substantively unconscionable. Plaintiff argues that based on her experience—assumedly in reference her prior complaints regarding the assaults (Doc. No. [4], 10)—the SIS Program is a "waste of time." Doc. No. [17], 1. The Court rejects this argument, first, because Plaintiff does not specify how the arbitration clause itself has proven to be ineffective, only the SIS Program. Id. Indeed, according to the records Defendant searched and submitted, Plaintiff has only utilized the first steps of the SIS Program in the past. Doc. [11-2], ¶ 17. Thus, Plaintiff's experience does not support a conclusion that the SIS Program's arbitration proceedings would be ineffective.

Furthermore, and more importantly, as was the case in Kaspers—where the party opposing arbitration argued arbitration was "ineffective and poses unreasonable hurdles to resolving disputes," 631 F. App'x at 782 (quotation omitted)—Plaintiff's contention does not "arise from the contractual terms themselves." Id. at 783. Plaintiff does not connect the ineffectiveness of the SIS Program to the terms of the arbitration clause. Thus, the Court concludes that there is no substantive unconscionability in the arbitration agreement to render it unenforceable. Cf. id. ("[A] party's resistance to arbitration alone cannot be the basis for invalidating an arbitration agreement.").

11

### D. The Arbitration Agreement is Valid and Enforceable and Covers Plaintiff's Instant Case

Having reviewed the Magistrate's Report and Recommendation, the Court agrees that the parties entered a valid and enforceable arbitration agreement. Doc. No. [11-16], 2–4. The Court also agrees that the arbitration agreement covers the employment claims Plaintiff asserts in this action. Doc. No. [11-3], 9 (requiring "all employment-related legal disputes, controversies or claims arising out of, or relating to, employment or cessation of employment, whether arising under federal, state or local decisional or statutory law . . . be settled exclusively by final and binding arbitration."). Thus, the Court **ADOPTS** the Magistrate's Recommendation that Defendant's Motion to Compel Arbitration be granted.

No objection was made to the Magistrate's Recommendation to deny Defendant's Motion to Dismiss and, alternatively, stay the case pending arbitration but administratively close it. Doc. No. [15], 13–14. Upon review, the Court finds no clear error in this Recommendation. The Court thereby **ADOPTS** the Magistrate's Recommendation accordingly.

## IV. CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the Magistrate's Report and Recommendation. Defendant's Motion to Compel Arbitration is **GRANTED**. Defendant's Motion to Dismiss is **DENIED**. The case is **STAYED** pending arbitration, but administratively closed for docket management purposes.

IT IS SO ORDERED this __17th__ day of January, 2023.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE